IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HDS RETAIL NORTH AMERICA, LLC; and TRAVEL RETAIL NORTH AMERICA, INC. d/b/a PARADIES LAGARDÈRE TRAVEL RETAIL; <br><br> Plaintiffs, <br><br> v. <br><br> PETORE ASSOCIATES, INC. d/b/a PETORE CONSTRUCTION; and TED VITALE; <br><br> Defendants. | § § § § § § § § § § § § § § § | 1:18-CV-79-RP |

**ORDER**

Before the Court is a Motion to Set Aside Default Judgment filed by Defendants Petore Associates, Inc. d/b/a Petore Construction ("Petore") and Ted Vitale ("Vitale") (collectively, "Defendants"). (Dkt. 16). Having reviewed the briefs, the record, and the relevant law, the Court finds that the motion should be denied.

**I. BACKGROUND**

Plaintiffs HDS Retail North America, LLC ("HDS") and LS Travel Retail North America, Inc. ("LS Travel") (collectively, "Plaintiffs") filed their original complaint in this action on January 29, 2018. (Dkt. 1). Summons was delivered to Petore on February 8, 2018, and to Vitale on February 14, 2018. (Dkts. 9, 10). Defendants admit that they received service and allege no error in service. (*See* Vitale Aff., Dkt. 16-2). Defendants nonetheless failed to plead, respond, or otherwise defend against the action. Upon motion, the clerk of the Court then entered default against Petore on March 6, 2018, and against Vitale on March 15, 2018. (Dkts. 12, 14). Neither party then took any action for three months, when Plaintiffs filed a motion for default judgment on June 21, 2018. (Dkt. 15). Four days

later, Defendants took their first action in this litigation by filing the instant motion to set aside the entries of default. (Dkt. 16).

## II. LEGAL STANDARD

An entry of default may be set aside "for good cause." Fed. R. Civ. P. 55(c). Defaults "are not favored," and "their strict enforcement 'has no place in the Federal Rules.'" *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (quoting *Amberg v. FDIC*, 934 F.2d 681, 685 (5th Cir. 1991)). The Fifth Circuit, specifically, has adopted a policy "in favor of resolving cases on their merits and against the use of default judgments." *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014) (quoting *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999)). The requirement of "good cause" has thus been interpreted liberally. *Id.* In making this determination, courts consider: (1) whether the default was willful; (2) whether a meritorious defense is presented; and (3) whether setting it aside would prejudice the adversary. *Id.* (citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)). These factors are not exclusive; rather, "they are to be regarded simply as a means to identify good cause." *Id.* (citing *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992)). Other factors, such as whether the party acted expeditiously to correct the default, may also be considered. *Id.* However, "[a] finding of willful default ends the inquiry, for 'when the court finds an intentional failure of responsive pleadings there need be no other finding.'" *Id.* (quoting *Dierschke*, 975 F.2d at 184). Weighing these factors against considerations of social goals, justice, and expediency is a process that "lies largely within the domain of the trial judge's discretion." *Rogers*, 167 F.3d at 936.

## III. DISCUSSION

Plaintiffs argue that Defendants' default is willful and ask the Court to deny Defendants' motion on that basis. (Resp. Mot. Set Aside, Dkt. 17, at 4). Because willful default alone is sufficient cause to deny a motion to set aside entry of default, the Court's inquiry ends upon a finding of

2

willfulness. *Dierschke*, 975 F.2d at 184; *Lacy*, 227 F.3d at 292; *see also UnitedHealthcare Ins. Co. v. Holley*, 724 F. App'x 285, 288 (5th Cir. 2018) ("[T]he weight of this court's authority indicates [that] once a district court finds that default was willful, the inquiry ceases, and it does not abuse its discretion in denying defendant's request to set aside the judgment."). Because the Court finds that Defendants' default is willful, it will deny their motion on that basis alone.

Before Plaintiffs filed this action, the parties discussed mediating their dispute. (Emails, Dkt. 17-1). In November and December 2017, the parties traded emails negotiating the selection of a mediator. (*Id.*). In the final email between the parties, sent on December 21, 2017, Plaintiffs suggested a mediator in Dallas but stated that if Defendants did not respond, Plaintiffs would infer that Defendants did not wish to mediate the dispute. (*Id.*).

Plaintiffs' counsel states that Defendants did not respond to Plaintiffs' December 21 email, made no further attempts to schedule mediation, and did not attempt to engage in any settlement negotiations after December 21. (Ebbs Decl., Dkt. 17-2, at 2). Plaintiffs then filed this action on January 19, 2018. (Compl., Dkt. 1). Defendants took no action in response to the filing of Plaintiffs' complaint for nearly five months, when they filed the instant motion. (Dkt. 16).

Defendants admit that they received service of this action in early February 2018. (Mot. Set Aside, Dkt.16, at 7; Pipkin Aff., Dkt. 16-1, at 1; Vitale Aff., Dkt. 16-2, at 1). Defendants admit that they are "familiar with the legal process and [have] answered and appeared in various lawsuits" before this one. (Pipkin Aff., Dkt. 16-1, at 1). At the time service was made, Defendants were represented by counsel. (*Id.*). Nonetheless, Defendants did not file an answer or otherwise respond to Plaintiffs' complaint, nor did they seek an extension of time to do so. Defendants did not even retain local counsel until May 18, 2018, (Pipkin Aff., Dkt. 16-1, at 1), and that attorney then took no action for over a month, after Plaintiffs moved for default judgment, (Dkts. 15, 16).

3

Defendants attempt to explain their inaction as mere inadvertence. (Mot. Set Aside, Dkt. 16, at 7). Defendants state that after they were served with the complaint, they "actively communicated with Plaintiffs in an attempt to resolve" the matter. (*Id.*). Defendants then "miscalendared" the deadline to file an answer or otherwise respond to the complaint. (*Id.*). Sometime after the answer deadline passed—Defendants do not specify when—Vitale "immediately contacted his attorneys in New York," who hired local counsel on May 18, 2018. (Pipkin Aff., Dkt. 16-1, at 1). Local counsel argues that he could not have filed an answer "before having sufficient information to do so," (Reply Mot. Set Aside, Dkt. 18, at 3), but offers no explanation for why it took over five weeks to file a motion to set aside the entries of default against his clients.

The Court does not credit Defendants' statements that they did not timely respond to the complaint because they were actively communicating with Plaintiffs to resolve this dispute. (Mot. Set Aside, Dkt. 16, at 7). In response to Defendants' motion, Plaintiffs filed correspondence ending on December 21, along with a declaration from their counsel that Defendants never discussed settlement or mediation after December 21. (Emails, Dkt. 17-1; Ebbs Decl., Dkt. 17-2, at 2). In fact, Plaintiffs' counsel declares that Defendants did not communicate with Plaintiffs *at all* until May 21, 2018. (Ebbs Decl., Dkt. 17-2, at 3). Defendants offer nothing to rebut this evidence. Defendants respond that the parties' correspondence *before the complaint* took place around the Thanksgiving and Christmas holidays, which made scheduling difficult. (Reply Mot. Set Aside, Dkt. 18, at 2). Of course, this response says nothing to contradict Plaintiffs' evidence that there were no communications *after* the complaint was filed until May 2018. Plaintiffs' silence regarding post-service communications—their failure to produce an email, a letter, or even a witness statement to the contrary—is tantamount to an admission

4

that no such communications took place and that their representations to the contrary in their motion were untrue.[1]

The Court likewise does not credit Defendants' statement that their default occurred because they "miscalendared" the deadline to file an answer or otherwise respond. (*See* Mot. Set Aside, Dkt. 16, at 7). Defendants admit that they are familiar with the rules of litigation, having participated in litigation previously. (Pipkin Aff., Dkt. 16-1, at 1). Defendants were represented by counsel at the time of service. (*Id.*). Even if it were true that defense counsel miscalendared a deadline, Defendants—by their own admission—became aware of the answer deadline at some point before May 18, 2018. (Pipkin Aff., Dkt. 16-1, at 1). Yet they took no action for at least another five weeks, waiting until after Plaintiffs moved for default judgment. (Dkt. 16). "[R]ushing to court once a default judgment is entered is insufficient to show a default was not willful." *Boissier v. Katsur*, 676 F. App'x 260, 263 (5th Cir. 2017) (citing *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 501 (5th Cir. 2015)). So too once a motion for default judgment is filed. Defendants "were aware of the allegations against [them] and chose to do nothing. That is the definition of willful default, and relief for good cause is unavailable to [them]." *Boissier*, 676 F. App'x at 263; *see also Interscope Records v. Benavides*, 241 F.R.D. 458, 461 (W.D. Tex. 2006) (holding that a defendant's default was intentional and willful when she admitted that she received the summons and complaint, took no action to respond to the lawsuit, and made no attempt to contact the plaintiffs). The Court finds that Defendants' default was willful and inexcusable; such conduct does not warrant relief from entry of default pursuant to Rule 55.

---

[1] "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(2).

## IV. CONCLUSION

For the reasons given above, **IT IS ORDERED** that Defendants' Motion to Set Aside Default Judgment, (Dkt. 16), is **DENIED**.

**SIGNED** on November 29, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE