IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HDS RETAIL NORTH AMERICA, LLC and TRAVEL RETAIL NORTH AMERICA, INC. d/b/a PARADIES LAGARDÈRE TRAVEL RETAIL, <br><br>  Plaintiffs, <br><br> v. <br><br> PETORE ASSOCIATES, INC. d/b/a PETORE CONSTRUCTION and TED VITALE, <br><br>  Defendants. | § § § § § § § § § § § § § § § | 1:18-CV-79-RP |

## ORDER

Before the Court is a Motion for Entry of Default Judgment filed by Plaintiffs HDS Retail North America, LLC ("HDS") and LS Travel Retail North America, Inc. ("LS Travel") (collectively, "Plaintiffs"). (Dkt. 15). Having reviewed the motion, the record, and the relevant law, the Court finds that the motion should be granted.

## I. BACKGROUND

Plaintiffs allege the following facts in their complaint. (*See* Dkt. 1). Plaintiffs hired Defendant Petore Associates, Inc. d/b/a Petore Construction ("Petore") to build retail space in the Austin-Bergstrom International Airport and the Dallas/Fort Worth International Airport. (*Id.* ¶¶ 1, 15–25). Defendant Ted Vitale ("Vitale") is Petore's Chief Executive Officer. (*Id.* ¶ 2). Plaintiffs executed a series of contracts with Petore concerning multiple discrete construction projects. (*Id.* ¶¶ 15–25). These contracts each provided that whenever Plaintiffs paid Petore, Petore would promptly pay its subcontractors the portion of Plaintiffs' payment attributable to the subcontractor's work. (*Id.* ¶ 28). Petore violated these contractual provisions by failing to pay its subcontractors. (*Id.* ¶¶ 27–45). For example, Plaintiffs paid Petore $139,734.93 for work performed by Alman Construction Services,

LP ("Alman"), but Petore failed to pay Alman for its work. (*Id.* ¶ 35). Plaintiffs eventually paid $142,735 directly to Alman—the amount owed Alman, plus attorneys' fees Alman incurred pursuing payment from Petore. (*Id.* ¶ 44). Plaintiffs also paid Petore for anticipated work that was never performed. (*Id.* ¶¶ 59–64). Petore refused to refund Plaintiffs' payments to subcontractors or for unperformed work. (*Id.* ¶¶ 63–72).

In addition, Petore agreed to procure performance and payment bonds as surety for the performance of its contractual obligations. (*Id.* ¶ 46). Petore and Vitale (collectively, "Defendants") represented that Petore had procured those bonds; Vitale executed fake bonds and submitted them to Plaintiffs. (*Id.* ¶¶ 47, 52–54). Defendants charged Plaintiffs for premiums on the fake bonds, which Plaintiffs paid. (*Id.* ¶ 47). Plaintiffs later learned that Defendants never procured those bonds. (*Id.* ¶¶ 55–58).

Out of these allegations, Plaintiffs assert several causes of action. Plaintiffs seek overlapping relief against Petore for breach of contract and unjust enrichment. (*Id.* ¶¶ 73–89). Plaintiffs asserts causes of action for fraud under Texas law and wire fraud in violation of 18 U.S.C. § 1343 against Defendants. (*Id.* ¶¶ 90–113).

Plaintiffs filed their original complaint in this action on January 29, 2018. (*Id.*). Summons was delivered to Petore on February 8, 2018, and to Vitale on February 14, 2018. (Dkts. 9, 10). Defendants admit that they received service and allege no error in service. (*See* Vitale Aff., Dkt. 16-2). Defendants nonetheless failed to plead, respond, or otherwise defend against the action. Upon motion, the clerk of the Court then entered default against Petore on March 6, 2018, and against Vitale on March 15, 2018. (Dkts. 12, 14). Neither party took any action for three months; Plaintiffs then filed a motion for default judgment on June 21, 2018. (Dkt. 15). Four days later, Defendants took their first action in this litigation by filing a motion to set aside the entries of default. (Dkt. 16).

The Court denied that motion. (Dkt. 20). Now before the Court is Plaintiffs' motion for default judgment. Defendants have filed no response.[1]

## II. LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant that has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(a)–(b). That said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment simply because the defendant is in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, a default judgment is generally committed to the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

## III. DISCUSSION

In considering Plaintiffs' motion, the Court must determine: (1) whether default judgment is procedurally warranted, (2) whether Plaintiffs' complaint sets forth facts sufficient to establish that they are entitled to relief, and (3) what form of relief, if any, Plaintiffs should receive. *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008); *see also J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015) (using the same framework).

### *A. Procedural Requirements*

To determine whether entry of a default judgment is procedurally warranted, district courts in the Fifth Circuit consider six factors: "[1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4]

---

[1] Given Defendants' failure to respond, the Court may consider Plaintiffs' motion to be unopposed. W. D. Tex. Loc. R. CV-7(e)(2). However, the Court acknowledges the Fifth Circuit's reluctance to dispose of a cause of action simply for failure to comply with a response deadline imposed by the Local Rules. *See Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (noting disapproval of an automatic grant of a dispositive motion for failure to comply with local rules).

3

whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

The *Lindsey* factors weigh in favor of entering a default judgment against Defendants. By failing to file an answer, Defendants have failed to place material facts in dispute. *See Nishimatsu Const. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well pleaded allegations of fact."). Defendants' failure to respond prejudiced Plaintiffs' interest in pursuing their claim for relief. *See J & J Sports*, 126 F. Supp. 3d at 814 ("Defendants' failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests.") (citation and quotation marks omitted). The grounds for default are established: as this Court found in a recent order, Defendants willfully failed to file an answer or otherwise respond to Plaintiffs' complaint. (Order, Dkt. 20, at 2–5). Although Plaintiffs seek substantial damages arising out of Defendants' alleged conduct, default judgment "is not overly harsh when the remedies sought are directly related to the defendant's conduct." *Boost Worldwide, Inc. v. Cobos*, EP-12-CV-0342-KC, 2012 WL 12881968, at *4 (W.D. Tex. Dec. 21, 2012). Finally, the Court is not aware of any facts that would obligate it to set aside the default if challenged by Defendants. (*See* Order, Dkt. 20). The Court therefore finds that default judgment is procedurally warranted.

*B. Sufficiency of Plaintiffs' Complaint*

Default judgment is proper only if the well-pleaded factual allegations in Plaintiffs' complaint establish a valid cause of action. *Nishimatsu Constr.*, 515 F.2d at 1206. By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact." *Id.* In determining whether factual allegations are sufficient to support a default judgment, the Fifth Circuit employs the same analysis used to determine sufficiency under Rule 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th

4

Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Wooten*, 788 F.3d at 498 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While "detailed factual allegations" are not required, the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

<u>1. Breach of Contract and Unjust Enrichment—Petore</u>

Plaintiffs assert one cause of action for breach of contract and another labeled unjust enrichment[2] against Petore. (Compl., Dkt. 1, at 11–13). The elements of a breach of contract claim are "'(1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach.'" *Brooks v. Excellence Mortgage, Ltd.*, 486 S.W.3d 29, 36 (Tex. App.—San Antonio 2015, pet. denied) (quoting *McLaughlin, Inc. v. Northstar Drilling Techs., Inc.*, 138 S.W.3d 24, 27 (Tex. App.—San Antonio 2004, no pet.)).

Plaintiffs allege that they had several valid contracts with Petore to build retail spaces in the Austin and Dallas airports. (Compl., Dkt. 1, at 3–4). These contracts provided that whenever Plaintiffs paid Petore, Petore would promptly pay its subcontractors the portion of Plaintiffs' payment attributable to the subcontractor's work. (*Id.* ¶ 28). Plaintiffs allege that they performed their obligations by making interim payments to Petore. (*Id.* at 5–7). Plaintiffs allege that Petore breached its contractual obligation to pay a subcontractor, Alman, for $139,734.93 of work, forcing

---

[2] "[U]njust enrichment is not a distinct independent cause of action but simply a theory of recovery." *Mowbray v. Avery*, 76 S.W.3d 663, 679 (Tex. App.—Corpus Christi 2002, pet. denied) (citing cases). However, "[w]hile 'unjust enrichment' is not per se a cause of action, an action for restitution, or seeking the imposition of a constructive trust, may lie on the legal theory of unjust enrichment." *Id.* (citing *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 891 (Tex. 1998)).

5

Plaintiffs to make a separate payment in that amount directly to Alman. (*Id.* ¶ 35). In addition, Plaintiffs allege they were forced to pay an additional $3,000 to Alman to cover its attorney's fees incurred pursuing payment from Petore. (*Id.* ¶ 44). Altogether, Plaintiffs allege that they incurred $142,735.00 in damages from Petore's breach related to Alman's work. (*Id.*).[3] Plaintiffs have stated a plausible claim that Petore is liable for breach of contract on these allegations.

Plaintiffs also allege Petore sought payment in the amount of $325,793.53 for three anticipated projects—the expansion of the "Second Bar & Kitchen project," the "Departure Lounge/Berry Project" and the "Barton Springs/Ruta Maya Project"—that were ultimately cancelled.[4] (*Id.* at 9–11). Because these three projects were cancelled, Petore did not perform work on them. (*Id.* ¶ 68). Plaintiffs complain that Petore "refused to return the [money]" and that Petore is "not entitled to misappropriate [the money] to its own use." (*Id.* ¶¶ 71–72). However, Plaintiffs do not allege that Petore breached any contractual provision by failing to return these payments. Moreover, Plaintiffs allege that at least one of the projects was cancelled because of actions outside the parties' control: it was not approved by Delta Air Lines. (*Id.* ¶ 62). Plaintiffs attach their contracts for these three projects to their motion for default judgment, but do not point to any provision obligating Petore to return a payment made for anticipated work if that work is not ultimately performed. (Contracts, Dkt. 15-2, at 78–193). Plaintiffs' allegation that Petore "is not entitled to misappropriate" the three payments for these projects is conclusory; it does not suffice to state a plausible claim that Petore breached a specific contract provision by not returning these three payments.

---

[3] Plaintiffs also allege that Petore failed to pay two other subcontractors, but they do not allege that they incurred damages as a result of those nonpayments. (Compl., Dkt. 1, ¶¶ 36–37). Moreover, Plaintiffs do not seek damages resulting from those nonpayments in their motion for default judgment. (*See* Foreman Aff., Dkt. 15-1).

[4] Plaintiffs list their damages for each project as follows: $83,272.20 for the Second Bar & Kitchen project, (Compl., Dkt. 1, ¶ 63); $148,088.79 for the Departure Lounge/Berry project, (*id.* ¶ 65); and $94,432.54 for the Barton Springs/Ruta Maya project, (*id.* ¶ 66).

However, Plaintiffs also allege that Petore has been unjustly enriched by the $325,793.53 paid for these three uncompleted projects. (*Id.* at 12–13). "Unjust enrichment occurs when a person has wrongfully secured a benefit or has passively received one which it would be unconscionable to retain." *Eun Bok Lee v. Ho Chang Lee*, 411 S.W.3d 95, 111 (Tex. App.—Houston [1st Dist.] 2013, no pet.). "A person is unjustly enriched when he obtains a benefit from another by fraud, duress, or the taking of an undue advantage." *Id.* "A plaintiff may also recover under this equitable doctrine if a contemplated agreement is unenforceable, impossible, not fully performed, thwarted by mutual mistake, or void for other legal reasons." *Id.* (citing *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992)); *see also Oxford Fin. Companies, Inc. v. Velez*, 807 S.W.2d 460, 465 (Tex. App.—Austin 1991, writ denied) ("[A]n action for restitution based on unjust enrichment will lie 'to recover money received on a consideration that has failed in whole or in part.'") (quoting *Barrett v. Ferrell*, 550 S.W.2d 138, 143 (Tex. Civ. App.—Tyler 1977, writ ref'd n.r.e.)). However, "[u]njust enrichment is not a proper remedy . . . merely because it might appear expedient or generally fair that some recompense be afforded for an unfortunate loss or because the benefits to the person sought to be charged amount to a windfall." *Id.* at 112 (citing *Heldenfels Bros.*, 832 S.W.2d at 42).

As discussed above, Plaintiffs have alleged that its contracts for the Second Bar & Kitchen project, the Departure Lounge/Berry project and the Barton Springs/Ruta Maya project were not fully performed. By these allegations, Plaintiffs seek to recover money received on a consideration that failed in whole. (*See* Compl., Dkt. 1, ¶ 69 ("Petore did not perform any work.")). As discussed below, Plaintiffs also argue that Petore obtained benefits from Plaintiffs (payments for these two projects) by fraud (inducing Plaintiffs to contract by misrepresenting the existence of valid performance bonds). (*Id.* ¶¶ 46–58, 90–106). These allegations suffice to state a plausible claim for restitution based on unjust enrichment.

7

2. Fraud—Petore and Vitale

Plaintiffs assert a cause of action for fraud against both Petore and Vitale. (*Id.* at 13–15). "To prevail on a fraud claim, a plaintiff must show: (1) the defendant 'made a material representation that was false'; (2) the defendant 'knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth'; (3) the defendant intended to induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably relied upon the representation and suffered injury as a result." *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018), *reh'g denied* (June 15, 2018) (quoting *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)). "The fourth element has two requirements: the plaintiff must show that it actually relied on the defendant's representation and, also, that such reliance was justifiable." *Id.* "A corporate officer who knowingly participates in tortious or fraudulent acts may be held individually liable to third persons even though he performed the act as an agent of the corporation." *Nwokedi v. Unlimited Restoration Specialists, Inc.*, 428 S.W.3d 191, 201 (Tex. App.—Houston [1st Dist.] 2014, pet. denied).

Plaintiffs allege that Defendants represented that they had executed performance bonds to induce Plaintiffs to contract with Petore and to make payments to Petore. (Compl., Dkt. 1, ¶ 52). Plaintiffs allege that Vitale executed fake bonds and submitted them to Plaintiffs. (*Id.* ¶ 53). Plaintiffs allege that Defendants charge Petore premiums for these non-existent performance bonds, which Plaintiffs paid. (Id. ¶¶ 47, 97). Plaintiffs allege that they would not have paid Petore for the Alman work if it had known that Defendants had not executed performance bonds. (*Id.* ¶ 102). Accordingly, Plaintiffs allege that Petore and Vitale are jointly and severally liable for the damages arising out of the Alman work, the Second Bar & Kitchen project, the Departure Lounge/Berry project, and the Barton Springs/Ruta Maya Project. (*Id.* ¶¶ 102–05). These allegations are sufficient to state a plausible fraud claim against both Petore and Vitale.

*C. Relief*

Federal Rule of Civil Procedure 54(c) states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). In other words, the relief prayed for in a complaint defines the scope of relief available on default judgment. *Id.*

A defendant's default concedes the truth of the allegations of the complaint concerning the defendant's liability, but not damages. *United States v. Shipco Gen. Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Ordinarily, damages will not be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, when the amount of damages or costs can be determined with certainty by reference to the pleadings and supporting documents, and when a hearing would not be beneficial, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). A sum capable of mathematical calculation is one that can be "computed with certainty by reference to the pleadings and supporting documents alone." *Id.* at 311.

In their complaint, Plaintiffs seek actual damages as follows: (1) $142,735.00 for their payments to Alman, (Compl., Dkt. 1, ¶ 44).; (2) $83,272.20 for the Second Bar & Kitchen project, (*id.* ¶ 63); $148,088.79 for the Departure Lounge/Berry project, (*id.* ¶ 65); and $94,432.54 for the Barton Springs/Ruta Maya project, (*id.* ¶ 66). Because Vitale's misrepresentations induced Plaintiffs to make these payments, Plaintiffs' complaint seeks to hold Vitale and Petore jointly and severally liable for these damages. (*Id.* ¶¶ 102–05). The sum of these damages is $468,528.53. In their motion for default judgment, however, Plaintiffs only seek to hold Petore liable for the full sum; against Vitale, Plaintiffs seek damages for only the amount attributable to the Alman work. (Mot. Default J., Dkt. 15, at 2).

Plaintiffs' damages can be calculated with certainty by reference the complaint and supporting documents. Plaintiffs filed an affidavit from Richard Foreman ("Foreman"), who was responsible for the projects described in the complaint. (Foreman Aff., Dkt. 15-1, at 3). Foreman testifies that the damages described in the complaint are warranted. (*Id.* at 4–8). Foreman's affidavit is supported by invoices, charge orders, payment applications, checks, and copies of wire transfers consistent with his testimony. (Dkts. 15-3–15-13). Accordingly, Plaintiffs have established their damages with sufficient evidence that a hearing is unnecessary.

### IV. CONCLUSION

For the reasons given above, the Court **GRANTS** Plaintiffs' Motion for Entry of Default Judgment (Dkt. 15). The Court will enter final judgment in a separate order.

**SIGNED** on December 21, 2018.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE